# IN THE CIRCUIT COURT OF JEFFERSON COUNTY
# STATE OF MISSOURI

| | |
|---|---|
| **STACIA CLARK** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| v. | )   **Cause No.:** |
| | ) |
| **CAPITAL ONE, N.A.  d/b/a** | ) |
| **CAPITAL ONE AUTO FINANCE.** | )   **Div. No.:** |
|   Serve: R/Agt Corporation Service Company | ) |
|       100 Shockoe Slip Fl 2 | ) |
|       Richmond, VA, 23219 | ) |
| | ) |
|   **Defendant.** | |

## PETITION

**COMES NOW** Plaintiff Stacia Clark, by and through her undersigned counsel, and asserts her cause of action under the Missouri Merchandising Practices Act (Chapter 407 R.S.Mo.) ("MMPA"), the Magnuson-Moss Warranty – Federal Trade Commission Improvement Act (15 U.S.C. § 2301 *et seq*.) (the "MMWA"), the Fair Credit Reporting Action (15 U.S.C. § 1681 *et seq*.) ("FCRA"), and the Missouri Uniform Commercial Code ("UCC") against Defendant Capital One, N.A., and in support thereof, states to the Court the following:

## BACKGROUND

1. Plaintiff is an adult individual citizen and legal resident of Missouri.

2. Defendant is a national bank, with its headquarters in Virginia, that provides financing for new and used motor vehicles under the fictitious name Capital One Auto Finance.

3. This Court has jurisdiction over the subject matter of this civil suit pursuant to the Missouri Constitution, Article V § 14.

4. This Court has the statutory authority to grant the relief requested herein pursuant to § 407.025 R.S.Mo. and 15 U.S.C. § 2310(d) and 15 U.S.C. § 1681p.

5. Venue is proper in the Jefferson County, where the transaction occurred, pursuant to §

**Exhibit 1**

407.025 R.S.Mo.

6. Plaintiff purchased a 2018 Ford Escape bearing the Vehicle Identification Number 1FMCU0GD6JUA09043 (hereinafter the "Vehicle") from AutoCenters Herculaneum LLC on April 23, 2021.

7. Plaintiff made a $750.00 down payment and entered into a Retail Installment Contract and Security Agreement for the outstanding balance of the $17,749.00 price of the Vehicle.

8. The Retail Installment Contract and Security Agreement was assigned to Defendant that same day, April 23, 2021.

9. Upon accepting the assignment of the Retail Installment Contract and Security Agreement, Defendant became subject to all claims that could be asserted against AutoCenters Herculaneum LLC, under both the Missouri Uniform Commercial Code (§ 400.2-101 et seq.) and the FTC holder rule (16 C.F.R. § 433.2). *See Heinz v. Driven Auto Sales, LLC,* 603 S.W.3d 890 (Mo. Ct App. 2020).

10. AutoCenters Herculaneum LLC signed the Application for Missouri Title and License, showing Plaintiff as the owner of the Vehicle, under the penalty of perjury.

11. Plaintiff received possession of the Vehicle on the same day of her purchase, as the parties agreed and intended.

12. Plaintiff began using the Vehicle for her personal use beginning on April 23, 2021.

13. AutoCenters Herculaneum LLC did not provide title to the Vehicle to Plaintiff on the date she purchased the Vehicle and took possession of same.

14. Approximately thirty days after purchase, AutoCenters Herculaneum LLC asked Plaintiff to come back to the dealership, rather than deliver title to Plaintiff.

15. From the dealership, Plaintiff retrieved a Certificate of Title issued by the State of

Michigan, which was blank of the reverse side, and a Motor Vehicle Dealer Title Reassignment Supplement on a State of Georgia form.

16. Plaintiff took these documents to a local Missouri license office but could not register the Vehicle in her name.

17. AutoCenters Herculaneum LLC had incorrectly identified itself as the purchaser of the Vehicle on April 23, 2021, instead of Plaintiff, on the Motor Vehicle Dealer Title Reassignment Supplement.

18. To date, neither Defendant nor AutoCenters Herculaneum LLC has delivered to Plaintiff the documents she needs to transfer ownership of the Vehicle into her own name.

19. "Under Missouri law, if a buyer is not provided with a title, said buyer is relieved of the obligation to make payments on the purchase." *See Peel v. Credit Acceptance Corp.*, 408 S.W.3d 191, 197 (Mo. App. W.D. 2013); *accord Burton v. SS Auto Inc*., 426 S.W.3d 43, 48 [n6] (Mo.App. W.D. 2014) ("[E]ven when most of the vehicle's purchase price is financed, and that failure to provide such title relieves the buyer from his obligation to make further payments on the vehicle.").

20. Notwithstanding the fact that Plaintiff was relieved of her obligation to make payments, Plaintiff continued to make her $432.75 monthly payments to Defendant.

21. Defendant has failed and refused to return any of the payments Plaintiff made during the pendency of not possessing all title documents necessary to transfer ownership to her.

22. Defendant knew that Plaintiff did not have the title documents needed to transfer ownership of the Vehicle into her own name.

23. Yet, when Plaintiff missed a monthly payment, Defendant submitted negative tradelines on Plaintiff's credit report, in an attempt to coerce further payments from her despite

3

Electronically Filed - Jefferson - December 21, 2022 - 11:19 AM

knowledge that she did not have valid title to the Vehicle.

24. To date, Defendant continues to update Plaintiff's credit report with a larger-and-larger past due balance, which is further damaging Plaintiff's credit.

25. . Plaintiff informed AutoCenters Herculaneum LLC and Defendant that she could not transfer ownership of the Vehicle and that she therefore revoked acceptance of the Vehicle.

26. Plaintiff asked AutoCenters Herculaneum LLC and Defendant to refund her payments and stated she would return the Vehicle to Defendant.

27. Defendant refused to accept the Vehicle as required and refused to honor Plaintiff's revocation rights.

28. Instead, Defendant misrepresented to Plaintiff that she remained "responsible for the unpaid account balance until the account is satisfied."

29. Defendant further encouraged Plaintiff "to continue to make your payments until your account is satisfied, to avoid any potential negative credit impacts."

30. Plaintiff would not have purchased the Vehicle if she had known, on April 23, 2021, what she knows now about the Vehicle.

## CLASS ALLEGATIONS

31. It is Defendant's routine practice to violate the MMWA by not transferring all title documents necessary to transfer ownership of the Vehicle at the time of delivery of the Vehicle to consumers.

32. It is Defendant's routine practice to violate the MMPA by collecting payments from consumers that have not been provided with the documents necessary to obtain title in their own names.

33. It is Defendant's routine practice to violate the FCRA by reporting accounts for

4

consumers that have not been provided with the documents necessary to obtain title in their own names to the national credit reporting agencies as being past due.

34. This action is properly maintainable as a class action pursuant to Missouri Supreme Court Rule 52.08 and section 407.025 R.S.Mo.

35. The three classes consist of the following persons:

 a. The "MMWA" class: All persons Defendant have on record (1) where such person entered into a retail installment contract related to the purchase a motor vehicle (2) that was assigned to Defendant (3) during the five-year period prior to the filing of Plaintiff's Petition, (4) where the consumer was not provided the title documents necessary to transfer ownership of the motor vehicle at the time of the sale.

 b. The "MMPA" class: All persons Defendant have on record (1) where such person entered into a retail installment contract related to the purchase a motor vehicle (2) that was assigned to Defendant (3) during the five-year period prior to the filing of Plaintiff's Petition, (4) where the consumer was not provided the title documents necessary to transfer ownership of the motor vehicle at the time of the sale, and (5) where the consumer made payment(s) to Defendant prior to receiving the title documents necessary to transfer ownership of the motor vehicle.

 c. The "FCRA" class: All persons Defendant have on record (1) where such person entered into a retail installment contract related to the purchase a motor vehicle (2) that was assigned to Defendant (3) during the five-year period prior to the filing of Plaintiff's Petition, (4) where the consumer was not provided the title

documents necessary to transfer ownership of the motor vehicle at the time of the sale, (5) where the consumer did not make payment(s) to Defendant prior receiving the title documents necessary to transfer ownership of the motor vehicle, and (6) where Defendant reported the consumer's account as "past due" to the National Credit Reporting Agencies prior to the consumer receiving the title documents necessary to transfer ownership of the motor vehicle.

36. Plaintiff reserves the right to revise any of these definitions of the classes based on facts learned during discovery.

37. Plaintiff is a member of each class she seeks to represent.

38. Members of the classes are so numerous that joinder is impracticable. Based on Plaintiff's research of complaints from other consumers, Defendant accepts assignments of thousands of retail installment contracts from Missouri motor vehicle dealerships each year.

39. There are no unique defenses Defendants can assert against Plaintiff individually, as distinguished from the class.

40. Plaintiff will assure the adequate representation of all members of the classes and will have no conflict with class members in the maintenance of this action.

41. Plaintiff's interests in this action are typical of the classes and are antagonistic to the interests of Defendants.

42. Plaintiff has no interest or relationship with Defendant that would prevent her from litigating this matter fully.

43. Plaintiff is aware that settlement of a class action is subject to court approval, and she will vigorously pursue the class claims throughout the course of this action.

44. A class action will provide a fair and efficient method to adjudicate this controversy

since the claims of the class members are virtually identical in that they raise the same questions of law and involve the same procedures by Defendant.

45. Most, if not all, of the facts needed to determine liability and damages are obtainable from Defendants' records.

46. The purposes of the MMPA and MMWA and FCRA will be best effectuated by a class action.

47. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

48. Furthermore, as damages suffered by most members of the class are relatively small in relation to the costs, expense, and burden of litigation, it would be difficult for members of the class individually to redress the wrongs done to them.

49. Many, if not all, class members are unaware that claims exist against Defendant. There will be no unusual difficulty in the management of this action as a class action.

50. Four common questions of law and fact predominate over all individual questions of the "MMWA" class:  (1) Defendant is required to provide title to the consumer either at the time of sale of a motor vehicle; (2) Defendant accepted assignment of a retail installment contract related to the sale of a motor vehicle, (3) Defendant failed to provide documents sufficient to allow consumers to register the motor vehicle in their own names, and (4) whether, by doing so, Defendants violated the MMWA.

51. Five common questions of law and fact predominate over all individual questions of the "MMPA" class:  (1) Defendant is required to provide title to the consumer either at the time of sale of a motor vehicle; (2) Defendant accepted assignment of a retail installment contract related to the sale of a motor vehicle, (3) Defendant failed to provide documents that would allow

7

consumers to register the motor vehicle in their own names, and (4) Defendant retained payments made by consumers prior to the consumer receiving title documents sufficient to allow transfer of ownership of the motor vehicle, and (5) whether, by doing so, Defendants violated the MMPA.

52. Six common questions of law and fact predominate over all individual questions of the "FCRA" class:  (1) Defendant is required to provide title to the consumer either at the time of sale of a motor vehicle; (2) Defendant accepted assignment of a retail installment contract related to the sale of a motor vehicle, (3) Defendant failed to provide documents that would allow consumers to register the motor vehicle in their own names, (4) consumers did not make payments to Defendant prior to the receiving title documents sufficient to allow  transfer of ownership of the motor vehicle, (5) Defendant reported said consumers to the National Credit Reporting Agencies as being "past due," and (6) whether, by doing so, Defendants violated the FCRA.

53. Because many class members are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover.

54. Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action.  Plaintiff's counsel will fairly and adequately represent and protect the interests of the class.

55. All class members have been damaged in precisely the same fashion, by precisely the same conduct.  The loss suffered by individual class members is calculable and ascertainable.

## COUNT I
## CLASS VIOLATION OF THE MMWA

56. Plaintiff hereby reavers and incorporates by reference all statements and allegations previously set forth as if fully rewritten herein

57. The Vehicle, and the vehicles of the Class members, are a "good" as defined by § 400.2-103 R.S.Mo

58. The Vehicle, and the vehicles of the Class members, are also a "Consumer Product" as defined by 15 U.S.C. § 2301(1), in that they are tangible personal property, distributed in commerce, and of a kind normally used for personal and household purposes.

59. Plaintiff, and the Class members, are each a "Buyer" per section 400.2-103 R.S.Mo., in that they bought goods, namely, motor vehicles.

60. Plaintiff, and the Class members, are also a "Consumer" as defined by 15 U.S. C. § 2301(3), in that they purchased a product.

61. Defendant is a "Seller" per §400.2-103 R.S.Mo. in that by standing in the shoes of AutoCenters Herculaneum LLC, pursuant to the FTC Holder In Due Course Rule, it sells goods, and also entered into a contract to sell goods, namely, the Retail Installment Contract and Security Agreement relating to the Vehicle.

62. Defendant is a "Supplier" as defined by 15 U.S.C. § 2301(4) in that by standing in the shoes of AutoCenters Herculaneum LLC, it supplied the Vehicle, and also because it indirectly made the Vehicle available to Plaintiff.

63. Pursuant to § 400.2-312 R.S.Mo., Defendant created a warranty of title, namely, that title shall be conveyed to Plaintiff

64. Defendant therefore provided Plaintiff an "Implied Warranty" as defined by 15 U.S.C. § 2301(7).

9

65. Defendant is thus also a "Warrantor" as defined by 2301(5), in that it supplied the implied warranty on the Vehicle.

66. 15 U.S.C. § 2310(d)(1) provides:

> [A] consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty or service contract, may bring suit for damages and other legal and equitable relief...

67. The failure to provide title constitutes a breach of the implied warranty per § 400.2-312 R.S.Mo

68. Defendant was afforded a reasonable opportunity to cure the breach of warranty relating to the title, pursuant to 15 U.S.C. § 2310(e).

69. Plaintiff therefore brings this class action suit for Defendant's failure to comply with its obligations under an implied warranty.

70. As a direct and proximate result of Defendant's failure to comply with the warranty of title, Plaintiff and the Class members have suffered and continues to suffer damages

71. Plaintiff, and the Class Members, were not able to use their vehicles as intended, and have incurred out-of-pocket costs, including but not limited to late fees when registering the Vehicle and monthly payments made prior to receiving title

72. Pursuant to 15 U.S.C. § 2310(d)(2), Plaintiff and the Class Members seek all Costs, including attorney's fees and expert witness fees.

**WHEREFORE**, Plaintiff, individually, and on behalf of each member of the proposed Class, prays the Court grant the following relief:

    (a)    Enter an order certifying this action as a Class Action and appointing Stacia Clark as representative of the Class;

(b) Enter an order appointing Bryan E. Brody and Alexander J. Cornwell of Brody & Cornwell, LLC as counsel and lead counsel of the Class;

(c) In the event the Class is certified, enter judgment in favor of Plaintiff and members of the Class for all damages that will fairly and justly compensate Plaintiff and the Class members, including but not limited to the return of all payments made on their respective vehicles before they were delivered title;

(d) Enter judgment awarding class counsel reasonable attorney's fees and all expenses of this action to be paid by Defendant, and to require Defendant to pay the costs and expenses of class notice and administration;

(e) Enter judgment awarding Stacia Clark a reasonable service award for serving as the representative of the Class;

(f) In the event no Class is certified, enter judgment in Plaintiff's favor for actual damages, plus her attorney's fees and costs; and

(g) Enter judgment awarding prejudgment interest, postjudgment interest, costs, statutory attorney's fees, and any further and additional relief as the Court deems Plaintiff and/or the Class may be entitled.

## COUNT II
## CLASS VIOLATIONS OF THE MMPA

73. Plaintiff hereby reavers and incorporates by reference all statements and allegations previously set forth as if fully rewritten herein.

74. Plaintiff and the Class members defined herein are each a "person" as defined by § 407.010(5) R.S.Mo.

75. Defendant is a "Person" as defined by § 407.010(5) R.S.Mo

11

76. Plaintiff's purchase of the Vehicle is a "Sale" or is in connection with a "Sale" as defined by § 407.010(6) and § 407.020 R.S.Mo.

77. Plaintiff purchased the Vehicle primarily for personal, family, or household purposes.

78. In connection with the sale of the Vehicle to Plaintiff and other motor vehicles to the Class, Defendant committed deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, in violation of § 407.020 R.S.Mo.

79. Defendant, by operation of the holder in due course rule, violated § 301.210 R.S.Mo. by not transferring all title documents necessary to transfer ownership of the Vehicle at the time of delivery of the Vehicle to Plaintiff.

80. Section 301.210 R.S.Mo. governs the sale and title transfer of vehicles, and is designed to prevent fraud and deceit in the sale of used cars

81. An unfair business practice under the MMPA includes any method, use or practice that violates a federal or state law intended to protect the public, per 15 C.S.R. § 60-8.090.

82. At the time of sale, and subsequent to the sale of motor vehicles, Defendants collected payments from Plaintiff and the class members a vehicle without title having been delivered to them.

83. As a direct and proximate result of Defendant's violations of § 407.020 R.S.Mo., Plaintiff and the Class members have suffered an ascertainable loss of money and/or property, including but not limited to the amount they paid on their vehicles before they were delivered title, and seek relief pursuant to § 407.025 R.S.Mo.

84. Pursuant to § 407.025 R.S.Mo., Plaintiff seeks attorney's fees.

WHEREFORE, Plaintiff, individually, and on behalf of each member of the proposed Class, prays the Court grant the following relief:

(a) Enter an order certifying this action as a Class Action and appointing Stacia Clark as representative of the Class;

(b) Enter an order appointing Bryan E. Brody and Alexander J. Cornwell of Brody & Cornwell, LLC as counsel and lead counsel of the Class;

(c) In the event the Class is certified, enter judgment in favor of Plaintiff and members of the Class for all damages that will fairly and justly compensate Plaintiff and the Class members, including but not limited to the return of all payments made on their respective vehicles before they were delivered title;

(d) Enter judgment awarding class counsel reasonable attorney's fees and all expenses of this action to be paid by Defendant, and to require Defendant to pay the costs and expenses of class notice and administration;

(e) Enter judgment awarding Stacia Clark a reasonable service award for serving as the representative of the Class;

(f) In the event no Class is certified, enter judgment in Plaintiff's favor for actual damages, plus her attorney's fees and costs; and

(g) Enter judgment awarding prejudgment interest, postjudgment interest, costs, statutory attorney's fees, and any further and additional relief as the Court deems Plaintiff and/or the Class may be entitled.

## COUNT III
## CLASS NEGLIGENT VIOLATION OF THE FCRA

85. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

86. Defendant has failed to exercise ordinary care in order to comply with the provisions of the FCRA, 15 U.S.C. § 1681 et seq.  Specifically, Defendant:

    a.    Furnished information relating to Plaintiff's and the class members' alleged debt to a consumer reporting agency that Defendant had reasonable cause to believe was inaccurate, 15 U.S.C. § 1681s-2(a)(1)(A);

    b.    Failed to accurately provide information relating to Plaintiff's and the class members' loan accounts that Defendant had erroneously reported as delinquent, 15 U.S.C. § 1681s-2(a)(5);

    c.    Failed to provide Plaintiff and the class members sufficient notice regarding Defendant's intent to furnish negative information to a credit reporting bureau prior to reporting such a negative entry, 15 U.S.C. § 1681s-2(a)(7); and/or

    d.    Failed to establish and maintain reasonable guidelines regarding the accuracy and integrity of the information relating to consumers' information that Defendant furnished to reporting agencies, 15 U.S.C. § 1681s-2(e)(1).

**WHEREFORE**, Plaintiff, individually, and on behalf of each member of the proposed Class, prays the Court grant the following relief:

    (a)    Enter an order certifying this action as a Class Action and appointing Stacia Clark as representative of the Class;

    (b)    Enter an order appointing Bryan E. Brody and Alexander J. Cornwell of Brody & Cornwell, LLC as counsel and lead counsel of the Class;

(c)    In the event the Class is certified, enter judgment in favor of Plaintiff and members of the Class for all damages that will fairly and justly compensate Plaintiff and the Class members;

(d)    Enter judgment awarding class counsel reasonable attorney's fees and all expenses of this action to be paid by Defendant, and to require Defendant to pay the costs and expenses of class notice and administration;

(e)    Enter judgment awarding Stacia Clark a reasonable service award for serving as the representative of the Class;

(f)    In the event no Class is certified, enter judgment in Plaintiff's favor for actual damages, plus her attorney's fees and costs; and

(g)    Enter judgment awarding prejudgment interest, postjudgment interest, costs, statutory attorney's fees, and any further and additional relief as the Court deems Plaintiff and/or the Class may be entitled

## COUNT IV
## CLASS WILLFUL VIOLATION OF THE FCRA

87. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

88. Defendant knew that, under Missouri law, Plaintiff and the class members were relieved of the obligation to make payments on the purchase of a motor vehicle if they were not provided with the necessary title documents to transfer ownership.

89. Defendant further knew that Plaintiff and the class members had not been provided the title and/or the title documents necessary to transfer ownership.

90. Defendant nevertheless reported Plaintiff's and the class members' accounts as delinquent.

91. Defendant's actions described above were thus knowingly and intentionally committed

in conscious disregard for and reckless indifference to Plaintiff's and the class members' rights.

92. Defendant has failed to comply with the provisions of the FCRA, 15 U.S.C. § 1681 *et seq.*, as a result of its conscious disregard for and reckless indifference to Plaintiff's rights. Specifically, Defendant:

    a. Furnished information relating to Plaintiff's and the class members' alleged debt to a consumer reporting agency that Defendant had reasonable cause to believe was inaccurate, 15 U.S.C. § 1681s-2(a)(1)(A);

    b. Failed to accurately provide information relating to Plaintiff's and the class members' loan accounts that Defendant had erroneously reported as delinquent, 15 U.S.C. § 1681s-2(a)(5);

    c. Failed to provide Plaintiff and the class members sufficient notice regarding Defendant's intent to furnish negative information to a credit reporting bureau prior to reporting such a negative entry, 15 U.S.C. § 1681s-2(a)(7); and/or

    d. Failed to establish and maintain reasonable guidelines regarding the accuracy and integrity of the information relating to consumers' information that Defendant furnished to reporting agencies, 15 U.S.C. § 1681s-2(e)(1).

93. Defendant's repeated noncompliance with respect to Plaintiff's and the class members' debt and Defendant's widespread failure to adopt reasonable measures to ensure other consumers in a like position do not have their account information negatively reported justifies the imposition of punitive damages.

**WHEREFORE**, Plaintiff, individually, and on behalf of each member of the proposed Class, prays the Court grant the following relief:

(a) Enter an order certifying this action as a Class Action and appointing Stacia Clark as representative of the Class;

(b) Enter an order appointing Bryan E. Brody and Alexander J. Cornwell of Brody & Cornwell, LLC as counsel and lead counsel of the Class;

(c) In the event the Class is certified, enter judgment in favor of Plaintiff and members of the Class for all damages that will fairly and justly compensate Plaintiff and the Class member, including statutory damages of $1,000 per class member;

(d) Enter judgment awarding class counsel reasonable attorney's fees and all expenses of this action to be paid by Defendant, and to require Defendant to pay the costs and expenses of class notice and administration;

(e) Enter judgment awarding Stacia Clark a reasonable service award for serving as the representative of the Class;

(f) In the event no Class is certified, enter judgment in Plaintiff's favor for actual damages or statutory damages of $1,000, plus her attorney's fees and costs; and

(g) Enter judgment awarding prejudgment interest, postjudgment interest, costs, statutory attorney's fees, and any further and additional relief as the Court deems Plaintiff and/or the Class may be entitled

## COUNT V
## INDIVIDUAL VIOLATIONS OF THE MMPA

94. Plaintiff hereby reavers and incorporates by reference all statements and allegations previously set forth as if fully rewritten herein.

95. Plaintiff is a "Person," as defined by § 407.010(5) R.S.Mo.

96. Defendant is a "Person" as defined by § 407.010(5) R.S.Mo

97. Plaintiff's purchase of the Vehicle is a "Sale" or is in connection with a "Sale" as defined by § 407.010(6) and § 407.020 R.S.Mo.

98. Plaintiff purchased the Vehicle primarily for personal, family, or household purposes.

99. In connection with transaction with Plaintiff, Defendant committed deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, in violation of § 407.020 R.S.Mo.

100. Defendant misrepresented that Plaintiff had to continue to make payments to Defendant despite Plaintiff not having the title documents necessary to transfer ownership of the Vehicle.

101. Defendant committed the unfair practice of failing to honor Plaintiff's revocation of acceptance of the Vehicle.

102. Plaintiff acted as a reasonable consumer would have in light of the circumstances, and Defendant's unlawful acts would cause a reasonable consumer to purchase the vehicle

103. As a direct and proximate result of Defendant's violations of § 407.020 R.S.Mo., Plaintiff has suffered an ascertainable loss of money and/or property, and seeks relief pursuant to § 407.025 R.S.Mo.

104. Plaintiff's ascertainable loss of money and/or property can be calculated with a reasonable degree of certainty.

105. Pursuant to § 407.025 R.S.Mo., Plaintiff seeks attorney's fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for damages that will fairly and justly compensate Plaintiff, together with her costs and attorney's fees herein incurred and expended, interest, and for such further and additional relief as this Court may deem just and proper under the circumstances.

## COUNT VI
## INDIVIDUAL REVOCATION OF ACCEPTANCE PURSUANT TO THE MISSOURI UNIFORM COMMERCIAL CODE

106. Plaintiff hereby reavers and incorporates by reference all statements and allegations previously set forth as if fully rewritten herein.

107. Plaintiff accepted the Vehicle on the reasonable assumption that its nonconformity, namely the lack of documents that allow her to title the vehicle in her own name, would be cured.

108. The nonconformity with the Vehicle has not been seasonably cured.

109. Furthermore, the failure to pass the certificate of ownership with an assignment to purchaser makes the sale voidable at the purchaser's option, pursuant to section 301.210.5(2) R.S.Mo.

110. Plaintiff notified Defendant of her revocation of acceptance within a reasonable time

111. Plaintiff therefore has a right to revoke acceptance of the vehicle, per section 400.2-608 R.S.Mo.

112. Defendant did not honor Plaintiff's revocation of acceptance.

113. Defendant did not repurchase the Vehicle by refunding Plaintiff's payments and taking possession of the Vehicle.

**WHEREFORE**, Plaintiff respectfully demands damages consisting of rescission of the contract for the Vehicle; refund of all monies paid for the Vehicle; collateral charges, finance charges, incidental and consequential damages; costs, including expert witness fees and reasonable attorney's fees; and for such other relief as this court deems just and proper.

\

Respectfully submitted,

**BRODY & CORNWELL**

/s/  Bryan E. Brody
Bryan E. Brody, #57580
Alexander J. Cornwell, #64793
7730 Carondelet, Ste. 135
St. Louis, MO 63105
Ph:  (314) 932-1068
Fax: (314) 228-0338
BBrody@BrodyandCornwell.com
ACornwell@BrodyandCornwell.com
*Attorneys for Plaintiff*